UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

EDDY KELLY                          CIVIL ACTION NO. 10-1748

VERSUS                              U.S. DISTRICT JUDGE TRIMBLE

RSI MILLS, LLC
                                    U.S. MAGISTRATE JUDGE KIRK


REPORT AND RECOMMENDATION

Before the court is plaintiffs' motion to remand, **Doc. #4,** referred to me by the district judge for report and recommendation. This suit is filed by plaintiff against plaintiff's former employer, RSI Mills, LLC (RSI) in which plaintiff claims entitlement to past due wages which he alleges accrued when he worked as a manager for the defendant company.

RSI timely removed the case to this court on the basis of federal question jurisdiction under 29 U.S.C. §201, the Fair Labor Standards Act (FLSA). RSI contends in its removal notice and in brief that, because plaintiff sued for wages plus "double this sum as penalties" that federal law was necessarily invoked. RSI reasons that because double penalties are not provided for by Louisiana wage law but are under federal law plaintiff necessarily sued under federal law.

Plaintiff filed the instant motion for remand asserting that he is claiming no relief under federal law, that he is master of his claim and that he expressly sued under Louisiana law, reciting

the applicable Louisiana statute three times in his complaint. Plaintiff also persuasively argues that a dispute over how to compute any applicable penalties does not confer federal jurisdiction.

<u>Federal Question Jurisdiction</u>

<u>The well-pleaded complaint</u>

Federal law provides that the party who brings suit is master of what law is invoked. See <u>The Fair v. Kohler Die & Specialty Co.</u>, 33 S. Ct. 410 (1913). The well-pleaded complaint doctrine provides that federal question jurisdiction exists only when "there appears on the face of the complaint some substantial disputed question of federal law." See <u>Carpenter v. Wichita Falls Independent School District</u>, 44 F.3d 362 (5th Cir. 1995). Whether federal question jurisdiction exists in a removed case is based on the allegations of plaintiff's "well-pleaded complaint." <u>Caterpillar, Inc. v. Williams</u>, 107 S. Ct. 2425 (1987). This rule requires that the federal question be evident from the complaint and not arise from any defense the defendant might raise to defeat the cause of action. Therefore, "even though a federal claim is available to a plaintiff, if a plaintiff chooses not to assert that federal claim, then the defendant cannot remove the claim to federal court on the basis of a possible asserted claim." See <u>Carpenter</u>, supra.

Jurisdiction of a federal court extends only to those cases in which a well-pleaded complaint establishes either that a federal law created the cause of action, or that the plaintiff's right to

2

relief necessarily depends on resolution of a substantial question of federal law.   Christianson v. Colt Indus., 108 S.Ct. 2166 (1988).

There are, however, exceptions to the well-pleaded complaint rule. One exception is the artful pleading doctrine which applies where a plaintiff purposefully obfuscates the federal question and artfully pleads what should be a federal claim in state law terms solely to defeat removal.   Another exception to the well-pleaded complaint rule applies where there exists complete preemption by federal law. Caterpillar, 107 S.Ct. at 2430. A complaint creates federal question jurisdiction when it states a claim created by the Constitution or laws of the United States or where it states a cause of action created by state law and a substantial federal question is an essential element necessary to decide the case. Howery v. Allstate Ins. Co., 243 F.3d 912 (5th Cir. 2001).

### Analysis

Plaintiff's state court petition claimed entitlement to $831,257.01 "plus double this sum as penalties". It is the penalties claim that defendant seizes upon to argue that federal law applies. Defendants[1] admit that plaintiff's petition does not cite federal law, but argue that double penalties are not allowed under state law. Instead, under the FLSA, pertaining to minimum

---

[1]   The court notes the excessive use of emphasis in defendants' brief. The lead attorney, Mr. Oxenhandler, has been cautioned before by Chief Judge James and by Magistrate Judge Hayes of this court about such use. Such over-use of emphasis is counterproductive and makes the briefs difficult to read. I assure counsel that the briefs are all read carefully and any especially compelling arguments will not go unnoticed.

wage claims and to maximum hours and overtime, in addition to wages, a successful litigant can receive "an additional equal amount as liquidated damages" under 29 U.S.C. §216(b). Therefore, they reason, because plaintiff asked for double damages and such are not available under Louisiana law but are available under federal law, plaintiff's suit is really one under federal, not state, law.

Defendants overlook the fact that while the language on which they seize is in the first, general, paragraph of the petition, plaintiff more clearly specifies his penalties claim later in the petition. In attempting[2] to more or less track the language of the Louisiana statute, plaintiff seems to ask for either 90 days wages or full wages from date of demand, whichever is less, as is specifically provided for by Louisiana law. By specifically referring to the statute and to the "either/or" language in it, plaintiff clearly seeks penalties under Louisiana law.

More important is the fact that defendant's logic is faulty. Defendant argues that plaintiff's claim for "double this sum as penalties" is somehow the same as the FLSA provision providing for "an additional equal amount as liquidated damages". Obviously, wages plus double the amount of wages equals three times wages. Under the federal statute wages plus an addition equal amount is two times wages. The federal statute no more provides for double

---

[2] It appears that plaintiff failed to paraphrase some of the words of the statute ("daily rate of pay, or else full wages from the time the employee's") in plaintiff's recitation in the petition in paragraph 7.

the wages as penalties than does the Louisiana statute. Therefore, there is no basis for believing that plaintiff intended to sue or did sue under the FLSA nor is there a basis for choosing the FLSA as a federal law to apply in order to gain federal jurisdiction[3].

Here federal law did not create the cause of action, and the plaintiff's right to relief does not depend on resolution of a substantial question of federal law.

IT IS RECOMMENDED THAT the motion to remand be GRANTED and this case be REMANDED to the 9th Judicial District Court, Rapids Parish, Louisiana.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling. **FAILURE TO FILE WRITTEN**

---

[3] Application of the FLSA is questionable anyway; this is not a case involving minimum wages or maximum hours and overtime.

5

OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 21st day of December, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

6